IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------------x
| | | |
|---|---|---|
| PERRY MILOU | : | Case No.: 2:10-cv-01499-SD |
| | : | ECF CASE |
| Plaintiff, | : | |
| – against – | : | ***AFFIRMATION OF ROBERT J.*** |
| | : | ***COSGROVE IN SUPPORT OF*** |
| RITTENHOUSE PLAZA, INC. | : | ***DEFENDANT'S MOTION TO DISMISS*** |
| | : | |
| Defendant. | : | |

---------------------------------------------------------------x

ROBERT J. COSGROVE, an attorney duly admitted to practice law in the United States District Court, Eastern District of Pennsylvania, and the Courts of the Commonwealth of Pennsylvania, hereby affirms under penalty of perjury:

1.  I am a member of the law firm of WADE CLARK MULCAHY, attorneys for defendant RITTENHOUSE PLAZA, INC. (hereinafter "Rittenhouse").  I submit this declaration in support of Rittenhouse's motion to dismiss for failure to state a claim upon which relief can be granted.

2.  On or about October 12, 2009, plaintiff PERRY MILOU (hereinafter "Milou" or "plaintiff"), commenced this civil action by filing a praecipe in the Court of Common Pleas of Pennsylvania, Philadelphia County, docketed at October Term 2009, No. 1007.

3.  On or about March 26, 2010, plaintiff filed and served Rittenhouse with a complaint in this matter.  See a copy of plaintiff's complaint, annexed hereto as **Exhibit "A."**

4.  Rittenhouse promptly removed this action to this Court by Notice pursuant to 28 U.S.C. § 1441 and § 1446 because this Court has federal question jurisdiction over plaintiff's claim pursuant to 28 U.S.C. § 1331.

## The Complaint

5.  In his complaint, plaintiff alleges a violation of his civil rights and states one cause of action: under 42 U.S.C. § 1985(c) [*sic*].[1]  See **Exhibit "A."**

6.  Plaintiff alleges in the complaint that Rittenhouse terminated his month-to-month retail commercial lease after Plaintiff exhibited an art exhibition entitled "Red Hot: The Art of Sensuality & Sexuality" at the leased premises.  See **Exhibit "A"** at ¶¶ 8-10.

7.  Plaintiff states that Rittenhouse's actions in notifying Plaintiff that it was "prematurely" terminating his lease prevented Plaintiff from exercising "his contractual rights towards the subject artistic exhibition as guaranteed by the First Amendment (U.S. Constitution)."  See **Exhibit "A"** at ¶ 16.  Plaintiff also states, without elaboration, that the termination of the lease violated his civil rights.  See **Exhibit "A"** at ¶ 17.

8.  Plaintiff does not allege that he is a member of a racial or other protected class.  See **Exhibit "A."**

9.  Plaintiff does not allege that Rittenhouse's alleged actions were motivated by a racial or otherwise class-based invidiously discriminatory animus.  See **Exhibit "A."**

10.  Plaintiff also does not set forth any allegations that Rittenhouse engaged in any conspiracy but merely states: "a conspiracy to violate Plaintiff's civil rights pursuant to 42 U.S.C. 1985(c)" (*sic*).  See **Exhibit "A"** at ¶ 16.

11.  As is explained at length in Rittenhouse's accompanying Memorandum of Law, Plaintiff's complaint simply fails to allege the necessary requirements under 42 U.S.C. § 1985(3).

---

[1] We note that the statute is not designated as section 1985(c), but section 1985(3).

**WHEREFORE,** Rittenhouse respectfully requests that this Court grant its motion to dismiss this action with prejudice and grant such other, further and different relief as this Court deems just and proper.

Dated: Philadelphia, PA
April 12, 2010

WADE CLARK MULCAHY

**/s/**
_____
Robert J. Cosgrove, Esq.
Atty I.D. No. 204665
1515 Market Street, Suite 2050
Philadelphia, PA 19102
*Attorneys* for Defendant Rittenhouse
(267) 207-2750 (Phone)
Our File No.: 192.6497.1RC