IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PERRY MILOU | : | |
| | : | |
| Plaintiff, | : | Case No.: 2:10-cv-01499-SD |
| – against – | : | |
| | : | ECF CASE |
| RITTENHOUSE PLAZA, INC. | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT RITTENHOUSE'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS**

WADE CLARK MULCAHY
Robert J. Cosgrove, Esq.
1515 Market Street, Suite 2050
Philadelphia, PA 19102
*Attorneys* for Defendant Rittenhouse
(267) 207-2750 (Phone)
Our File No.: 192.6497.1RC

**TABLE OF CONTENTS**


| | Page |
|---|---|
| Table of Authorities………………………………..………………… | iii |
| INTRODUCTION……………………………….……..……..……… | 1 |
| STATEMENT OF FACTS…………………...………...…….……… | 1 |
| The Complaint…………………...………...……….……… | 2 |
| ARGUMENT | |
| THE COMPLAINT FAILS TO STATE A CLAIM UNDER 42 U.S.C. § 1985(3) BECAUSE IT DOES NOT CONTAIN THE BASIC ALLEGATIONS REQUIRED TO PREVAIL UNDER THAT STATUTE ……………………… | 3 |
| *A. Standard Under Fed. R. Civ. P. 12(b)(6)....………* | 3 |
| *B. 42 U.S.C. § 1985(3)…………………….…………* | 4 |
| *C. Plaintiff Does Not Allege Racial or Other Class-Based Invidiously Discriminatory Animus………..* | 5 |
| *D. Plaintiff Does Not Plead Sufficient Facts To Support A Finding of Conspiracy……….…..…* | 7 |
| *E. Plaintiff Does Not Allege a Deprivation of A Constitutional Right That Is Actionable Under 42 U.S.C. § 1985(3)……………………..…..* | 10 |
| CONCLUSION……………………………………………..… | 12 |

# TABLE OF AUTHORITIES

Page

**Federal Cases**

*Amoco Oil Co. v. Local 99, Intern. Broth. of Elec. Workers, AFL-CIO*, 536 F.Supp. 1203, 1215, n. 20 (D.C.R.I. 1982) …………………………………… 6

*Armstrong v. School Dist. of Philadelphia*, 597 F.Supp. 1309, 1313 (E.D.Pa. 1984) …………………………………………… 3, 8

*Banghart v. Sun Oil Co. of Pennsylvania*, 542 F.Supp. 451, 454-55 (E.D.Pa. 1982) ………………………………………….. 7

*Bieros v. Nicola*, 860 F.Supp. 226, 235 (E.D.Pa. 1994) …………………………… 6

*Boddorff v. Publicker Indus., Inc.*, 488 F.Supp. 1107, 1112 (E.D.Pa. 1980) ……… 8

*Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 266 (1993)……………. 11

*Browder v. Tipton*, 630 F.2d 1149 (6th Cir. 1980) …………………………………. 6

*Brown v. Philip Morris Inc.*, 250 F.3d 789, 805 (3rd Cir. 2001) ……………………. 10, 11

*Carchman v. Korman Corp.*, 594 F.2d 354, 356 (3d Cir. 1979) …………………… 5-6

*Colburn v. Upper Darby Township*, 838 F.2d 663, 665-66 (3rd Cir. 1988) ……….. 3

*DeJohn v. Temple University*, 2006 WL 2623274 (E.D.Pa. Sept. 11, 2006) ………. 8, 9

*Desantis v. Pacific Telephone & Telegraph Co., Inc.*, 608 F.2d 327, 333 (9th Cir. 1979) ………………………………………………….. 6

*Feliciano v. City of Philadelphia*, 1997 WL 59325, *5 (E.D.Pa. 1997) …………… 7

*Great American Federal Savings & Loan Ass'n v. Novotny*, 442 U.S. 366, 372 (1979) ……………………………………………………………… 10

*Griffin v. Breckenridge*, 403 U.S. 88, 102-03, 91 S.Ct. 1790 (1971) ………………. 5

*Libertad v. Welch*, 53 F.3d 428, 446-50 (1st Cir. 1995) ……………………………. 10

*Loftus v. Se. Pa. Transp. Auth.*, 843 F.Supp. 981, 988 (E.D.Pa. 1994) …………….. 8, 9

*Murphy v. Mount Carmel High School*, 543 F.2d 1189, 1192 (7th Cir. 1976)………. 11

*Peay v. Diguglielmo*, 2004 WL 1446052, *2 (E.D.Pa. June 28, 2004) ……………. 7

Page

**Federal Cases, cont'd**

*Random v. Marrazzo*, 848 F.2d 398, 401 (3rd Cir.1988) …………………………… 3

*Robinson v. McCorkle*, 462 F.2d 111, 113 (3d Cir. 1972)………………………….... 3, 8

*Rose v. Bartle*, 871 F.2d 331, 366 n. 60 (3d Cir. 1989) …………………………….... 8

*Schnabel v. Building and Const. Trades Council of Philadelphia and Vicinity, AFL-CIO*, 563 F.Supp. 1030, 1042-43 (E.D.Pa. 1983) ……………………………… 4, 6, 10

*Seaton v. University of PA*, 2001 WL 1526282, *4 (E.D.Pa. 2001) ………………… 11

*Torres v. McLaughlin*, 1996 WL 680274, * 10, n.17 (E.D.Pa. Nov 21, 1996) …….. 5, 7

*United Broth. of Carpenters and Joiners of America, Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 832 (1983)…………………………..……………………………… 11, 12

*Western Telecasters, Inc. v. California Federation of Labor, AFL-CIO*, 415 F.Supp. 30, 33 (S.D.Cal. 1976) ………………………………..…………………… 6

*Whetzler v. Krause*, 411 F.Supp. 523, 528 (E.D.Pa.1976) ………………………….. 4, 7

**Statutes and Federal Rules**

42 U.S.C. §§ 1985(1) & (2)……………………………..……………………………. 5

42 U.S.C. § 1985(3) ……………………….…………………………….……….. 4

Federal Rules of Civil Procedure, Rule 12(b)(6).……..……..……………………… 3

**INTRODUCTION**

Defendant RITTENHOUSE PLAZA, INC. (hereinafter "Rittenhouse") submits this memorandum of law in support of its motion to dismiss this action with prejudice commenced by Plaintiff PERRY MILOU (hereinafter "Plaintiff").

This case should be dismissed because Plaintiff has simply failed to allege the necessary elements required to set forth a claim under 42 U.S.C. § 1985(3) -- which is the only cause of action alleged in the complaint. Specifically, Plaintiff (1) does not allege that he is a member of a racial or other protected class; (2) does not allege that Rittenhouse's alleged actions were motivated by a racial or otherwise class-based invidiously discriminatory animus; (3) does not plead sufficient facts regarding the alleged conspiracy; (4) does not set forth the names of or information regarding the alleged conspirators; and (5) does not allege deprivation of a constitutional right actionable under 42 U.S.C. § 1985(3). Thus, under clear United States Supreme Court, Third Circuit and Eastern District of Pennsylvania precedent, this case must be dismissed, with prejduce, pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

**STATEMENT OF FACTS**

After commencing this action in the Court of Common Pleas of Pennsylvania, Philadelphia County, Plaintiff served Rittenhouse with a complaint on or about March 26, 2010. *See* Complaint annexed to Affidavit of Robert Cosgrove as Exhibit "A" (hereinafter "Complaint").

Rittenhouse promptly removed this action to this Court by Notice pursuant to 28 U.S.C. § 1441 and § 1446 because this Court has federal question jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. § 1331.

**The Complaint**

In his complaint, Plaintiff alleges a violation of his civil rights and states one cause of action: under 42 U.S.C. § 1985(c) [*sic*].[1] *See* Complaint.

Plaintiff alleges in the Complaint that he entered into a month-to-month retail lease with Rittenhouse which provided the parties with the right to terminate the lease with 90 days' notice. *See* Complaint at ¶ 5.

Plaintiff alleges that Rittenhouse terminated his retail lease by giving 90 days' notice after Plaintiff exhibited an art exhibition entitled "Red Hot: The Art of Sensuality & Sexuality" at the leased premises. *See* Complaint at ¶¶ 8-10.

The Complaint further alleges that Rittenhouse's actions in notifying Plaintiff that it was "prematurely" terminating his lease prevented Plaintiff from exercising "his contractual rights towards the subject artistic exhibition as guaranteed by the First Amendment (U.S. Constitution)." *See* Complaint at ¶ 16. Plaintiff makes this claim notwithstanding the fact that he concdees that the exhibition did, in fact, occur. *See* Complaint at ¶ 9. Plaintiff also states, without elaboration, that the termination of the lease violated his civil rights. *See* Complaint at ¶ 17.

Plaintiff does not allege that he is a member of a racial or other protected class. *See* Complaint.

Plaintiff does not allege that Rittenhouse's alleged actions were motivated by a racial or otherwise class-based invidiously discriminatory animus. *See* Complaint.

Plaintiff does not name the alleged conspirators but states only that the notice of intent to terminate Plaintiff's lease was an attempt by "Defendant's shareholders, corporate officers,

---

[1] We note that the statute is not designated as section 1985(c), but section 1985(3).

members, principals, and agents" to prevent Plaintiff from exercising his "contractual rights . . . as guaranteed by the First Amendment." *See* Complaint at ¶ 16.

Plaintiff also does not set forth any pleadings regarding the alleged conspiracy but merely states: "a conspiracy to violate Plaintiff's civil rights pursuant to 42 U.S.C. 1985(c)" (*sic*). *See* Complaint at ¶ 16.

For the reasons set forth at length below, the Complaint simply fails to allege the basic elements required under 42 U.S.C. § 1985(3).

## ARGUMENT

## THE COMPLAINT FAILS TO STATE A CLAIM UNDER 42 U.S.C. § 1985(3) BECAUSE IT DOES NOT CONTAIN THE BASIC ALLEGATIONS REQUIRED TO PREVAIL UNDER THAT STATUTE

### *A. Standard Under Fed. R. Civ. P. 12(b)(6)*

In considering a motion to dismiss under Rule 12(b)(6), the court "must take all the well pleaded allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the pleadings, the plaintiff may be entitled to relief." *Colburn v. Upper Darby Township*, 838 F.2d 663, 665-66 (3rd Cir. 1988) (citations omitted), cert. denied, 489 U.S. 1065 (1989). When weighing the motion, the court must determine whether "relief could be granted on any set of facts which could be proved." *Random v. Marrazzo*, 848 F.2d 398, 401 (3rd Cir.1988).

In the context of section 1985 claims, "to survive a motion to dismiss, plaintiff must plead facts which support allegations of a conspiracy and of intentional discrimination." *Armstrong v. School Dist. of Philadelphia*, 597 F.Supp. 1309, 1313 (E.D.Pa. 1984) citing *Robinson v. McCorkle*, 462 F.2d 111, 113 (3d Cir. 1972) (complaint must consist of more than "mere conclusory allegations of deprivations of constitutional rights"). Where the complaint

does not contain the allegations necessary to support a claim under section 1985(3), the claim must be dismissed. *See, e.g., Whetzler v. Krause*, 411 F.Supp. 523, 528 (E.D.Pa.1976), aff'd, 549 F.2d 797 (3rd Cir. 1977) (dismissing claim where plaintiffs failed to allege racial or otherwise class-based invidiously discriminatory animus); *Schnabel v. Building and Const. Trades Council of Philadelphia and Vicinity, AFL-CIO*, 563 F.Supp. 1030, 1042-43 (E.D.Pa. 1983) (same).

As will be explained below, the Complaint fails to allege the basic requirements under 42 U.S.C. § 1985(3). Accordingly, Rittenhouse is entitled to dismissal of this action.

*B. 42 U.S.C. § 1985(3)*

The statute -- entitled "Conspiracy to interfere with civil rights" -- provides:

> (3) Depriving persons of rights or privileges
>
> If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

The United States Supreme Court has ruled that to state a claim under section 1985(3),[2] a plaintiff must allege and support with the requisite factual specificity the following elements:

(1) a conspiracy by the defendants;
(2) designed to deprive plaintiff of the equal protection of the laws;
(3) the commission of an overt act in furtherance of that conspiracy;
(4) a resultant injury to person or property or a deprivation of any right or privilege of citizens; and
(5) defendant's actions were motivated by a racial or otherwise class-based invidiously discriminatory animus.

*See Griffin v. Breckenridge*, 403 U.S. 88, 102-03, 91 S.Ct. 1790 (1971). Here, Plaintiff has not met these requirements as will be discussed below.

### *C. Plaintiff Does Not Allege Racial or Other Class-Based Invidiously Discriminatory Animus*

The United States Supreme Court ruled in *Griffin* that section 1985(3) was not intended to apply to "all tortious, conspiratorial interferences with the rights of others." *Griffin*, 403 U.S. at 101. In fact, the statute can not provide for general relief because of "[t]he constitutional shoals that would lie in the path of interpreting s 1985(3) as a general federal tort law." *Id.* To avoid these "constitutional shoals," a plaintiff is required to plead as an element of his cause of action, "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Id.*

The Third Circuit and the Eastern District have strictly applied this requirement and have held that to allege a viable claim under section 1985(3) the plaintiff must either belong to a class of persons with "immutable characteristics" or belong to a class of persons who "have been

[2] If Plaintiff intended to bring this action under sections 1985(1) or (2), he would be required to allege and show that he is a federal office holder or that the defendants conspired against him because he was a party or witness in federal court. *See Torres v. McLaughlin*, 1996 WL 680274, * 10, n.17 (E.D.Pa. Nov 21, 1996) (Dalzell, J.); 42 U.S.C. §§ 1985(1) and (2). Plaintiff has not made such allegations.

victims of . . . historically pervasive discrimination." *Carchman v. Korman Corp.*, 594 F.2d 354, 356 (3d Cir.), cert. denied, 444 U.S. 898 (1979) ("animus against tenant organizers is not based upon "immutable characteristics" . . . Nor are we persuaded that tenant organizers have been victims of . . . historically pervasive discrimination"); *Schnabel*, 563 F.Supp. at 1040 ("to survive dismissal, [plaintiffs] must establish that their class has been subject to historically pervasive discrimination"), citing *Western Telecasters, Inc. v. California Federation of Labor*, *AFL-CIO*, 415 F.Supp. 30, 33 (S.D.Cal. 1976) ("the animus behind the conspirators' actions must be akin to racial bias") and citing *Amoco Oil Co. v. Local 99, Intern. Broth. of Elec. Workers, AFL-CIO*, 536 F.Supp. 1203, 1215, n. 20 (D.C.R.I. 1982) ("Plaintiff must be part of a group that, like blacks and Republicans in the Reconstruction South, is so socially and politically weak that it cannot effectively protect and enjoy its civil rights"). *See also Browder v. Tipton*, 630 F.2d 1149 (6th Cir. 1980) (class must suffer prejudice which interferes with operation of political process relied upon to protect minorities); *Desantis v. Pacific Telephone & Telegraph Co., Inc.*, 608 F.2d 327, 333 (9th Cir. 1979) (section 1985(3) only covers groups which require special federal assistance to protect their civil rights).

Courts have likewise been clear that a plaintiff's failure to allege racial or other class-based animus, requires the dismissal of the section 1985(3) claim. In *Bieros v. Nicola*, 860 F.Supp. 226, 235 (E.D.Pa. 1994), the District Court dismissed the claims pursuant to Fed. R. Civ. P. Rule 12(b)(6) because the plaintiff alleged no racial or other class-based invidiously discriminatory animus by the defendants. *See also Schnabel*, 563 F.Supp. at 1042-43 (dismissing claim because "it would be straining credulity to conclude that the plaintiffs here are and in the past were so politically weak that they need special federal protection in order to protect their civil rights to the degree that blacks and Republicans did in the south of the

1870's"); *Banghart v. Sun Oil Co. of Pennsylvania*, 542 F.Supp. 451, 454-55 (E.D.Pa. 1982) (dismissing plaintiff's claim based on illegal ejectment of lease because there was no allegation of class-based animus); *Whetzler*, 411 F.Supp. at 528 (dismissing claim because "it is clear that plaintiff does not allege in his complaint that the animus behind his deprivation was racial or class-based discrimination"); *Peay v. Diguglielmo*, 2004 WL 1446052, *2 (E.D.Pa. June 28, 2004) (Dalzell, J.) ("Because Peay has not alleged that the Medical Defendants conspired to withhold medical treatment out of racial animus, we shall dismiss his § 1985(3) claim"); *Feliciano v. City of Philadelphia*, 1997 WL 59325, *5 (E.D.Pa. 1997) (Dalzell, J.) (dismissing 1985 claim because "Nowhere in the complaint does Feliciano allege that the defendants were motivated in their actions by an invidious animus against him") citing *Torres v. McLaughlin*, 1996 WL 680274, * 10 E.D.Pa. Nov 21, 1996 (Dalzell, J.) (dismissing § 1985(3) claim because complaint lacked any allegation that "discrimination [was] based on a constitutionally protected classification").

Here, the Complaint makes no allegations that Rittenhouse terminated the lease based on a racial or other class-based invidiously discriminatory animus. *See* Complaint. In fact, the Complaint is absolutely silent with respect to Plaintiff's race or status as a member of any other constitutionally protected class. Accordingly, Plaintiff's claim must be dismissed.

*D. Plaintiff Does Not Plead Sufficient Facts To Support A Finding of Conspiracy*

Aside from Plaintiff's failure to plead racial animus, the Complaint fails to plead specific facts to support an allegation of conspiracy, as required. A complaint that alleges a conspiracy "must contain sufficient information for the court to determine whether or not a valid claim for relief has been stated and to enable the opposing side to prepare an adequate responsive

pleading." *Rose v. Bartle*, 871 F.2d 331, 366 n. 60 (3d Cir. 1989); *see also Robinson*, 462 F.2d at 113 ("conspiracy claim based upon § 1985(3) requires a clear showing of invidious, purposeful and intentional discrimination" and must be supported by "specific facts"). Thus, the complaint must describe "the membership, formulation and purpose of the alleged conspiracy" and "the identity of its members, or the methods by which it accomplished its goals." *Armstrong*, 597 F.Supp. at 1313.

In *DeJohn v. Temple University*, 2006 WL 2623274 (E.D.Pa. Sept. 11, 2006) (Dalzell, J.), this Court ruled that "[w]hen pleading a civil rights conspiracy, the "short and plain statement" provision of Fed.R.Civ.P. 8 is satisfied only if the defendant is provided with the degree of particularity that animates the fair notice requirement of the Rule." *See DeJohn,* 2006 WL 2623274 at *4, quoting *Loftus v. Se. Pa. Transp. Auth.*, 843 F.Supp. 981, 988 (E.D.Pa. 1994) (internal quotation omitted). Thus, "[t]o withstand a motion to dismiss, a complaint alleging a civil rights conspiracy should identify with particularity the conduct violating plaintiffs' rights, the time and place of these actions, and the people responsible therefor." *DeJohn*, 2006 WL 2623274 at *4, quoting *Boddorff v. Publicker Indus., Inc.*, 488 F.Supp. 1107, 1112 (E.D.Pa. 1980). Moreover, "mere incantation of the words 'conspiracy' or 'acted in concert' does not talismanically satisfy the Rule's requirements." *See DeJohn*, 2006 WL 2623274 at *4, quoting *Loftus*, 843 F.Supp. at 987. Based on this requirement, this Court in *DeJohn* dismissed the section 1985(3) claim because the complaint failed to provide sufficient averments of a conspiracy and alleged only that defendants "have conspired to treat plaintiff differently than similarly situated graduate students." *See DeJohn*, 2006 WL 2623274 at *4. This Court further found that even if the following facts had been alleged, they would have been insufficient to withstand a motion to dismiss: that defendants had conspired to dismiss him from his graduate

degree, punish him, refuse to approve his transfer credits, advise or approve his thesis, lodge personal attacks, and require him to rewrite the thesis. *See id.* ("None of these allegations, even if we are willing to read them into his complaint, is sufficient to allow DeJohn's conspiracy claim to stand").

Here, the Complaint simply does not provide Rittenhouse with fair notice of the identity of the alleged conspirators or the alleged agreement that was entered into between them. Plaintiff does not allege the names of the individual alleged conspirators, the methods by which they pursued their allegedly discriminatory goals, or the existence of any agreement between the unnamed "conspirators." *See Loftus*, 843 F.Supp. 988 (complaint did "not provide the names or even the title or supervisory level of the agents or employees of the defendants who allegedly entered into the agreement"). Plaintiff's failure to name the individuals who were supposedly involved in this conspiracy is fatal because under the intracorporate-conspiracy doctrine Rittenhouse cannot conspire with itself or with its employees. *See DeJohn*, 2006 WL 2623274 at * 4 ("employees of an entity cannot conspire with the entity unless they are acting in a personal capacity in the conspiracy"). Thus, without allegations of any specific individuals involved in the alleged conspiracy, Plaintiff's claims must fail.

Finally, the Complaint merely states the words "a conspiracy to violate Plaintiff's civil rights pursuant to 42 U.S.C. 1985(c)" (*sic*). *See* Complaint at ¶ 16. Plaintiff's "mere incantation" of the word "conspiracy" does not absolve him from meeting the requirements under Fed. R. Civ. P. Rule 8. *See DeJohn*, 2006 WL 2623274 at *4. Accordingly, the Complaint must be dismissed.

*E. Plaintiff Does Not Allege a Deprivation of A Constitutional Right That Is Actionable Under 42 U.S.C. § 1985(3)*

Plaintiff claims that Rittenhouse prevented him from exercising "his contractual rights towards the subject artistic exhibition as guaranteed by the First Amendment (U.S. Constitution)." *See* Complaint at ¶ 16.

Plaintiff's claim that his contractual rights were violated is clearly not actionable under section 1985(3).[3] As the Supreme Court has recognized, section 1985(3) "provides no substantive right itself; it merely provides a remedy for violation of the rights it designates." *Great American Federal Savings & Loan Ass'n v. Novotny*, 442 U.S. 366, 372 (1979). The Third Circuit has ruled that the protection offered by section 1985(3) is limited to "conspiracies that deprive persons of constitutionally protected rights, privileges and immunities that are protected against private, as well as official encroachment." *Brown v. Philip Morris Inc.*, 250 F.3d 789, 805 (3rd Cir. 2001), quoting *Libertad v. Welch*, 53 F.3d 428, 446-50 (1st Cir. 1995) (internal quotations omitted); *see also Schnabel*, 563 F.Supp. 1030, 1043 (section 1985(3) "has never been held to apply to private, economically motivated conspiracies").

The Third Circuit further noted that the Supreme Court has "recognized only two rights protected under § 1985(3): the right to be free from involuntary servitude and the right to interstate travel." *Brown*, 250 F.3d at 805. Thus, the Third Circuit found that plaintiffs' claim they were deprived of property and contract rights was not actionable under section 1985(3)

[3] Even if the contract claim was actionable, Plaintiff's own allegations in the Complaint make clear that he has no viable contractual claim against Rittenhouse. Plaintiff alleges Rittenhouse terminated his month-to-month retail lease by giving 90 days' notice and that the lease gave Rittenhouse the right to terminate with 90 days' notice. *See* Complaint at ¶¶ 5 & 10. Thus, Plaintiff clearly has no viable claim under the lease because Rittenhouse was given the right to terminate.

because those rights are not "of purely constitutional provenance." *Id.* For this reason, Plaintiff's claim arising from his "contractual rights" must be dismissed.

The Complaint must be dismissed even if it can be construed to allege a deprivation of Plaintiff's First Amendment rights with respect to his art exhibition. The Supreme Court has ruled that "a conspiracy to violate First Amendment rights is not made out without proof of state involvement." *United Broth. of Carpenters and Joiners of America, Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 832 (1983). This Court has recognized that section 1985(3) "only provides a remedy where the conspiracy is directed to deny the Plaintiff constitutional rights secured against the conduct of private parties." *Seaton v. University of PA*, 2001 WL 1526282, *4 (E.D.Pa. 2001) (Dalzell, J.), citing *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 266 (1993). This Court went on to specify that "[t]he only constitutional rights guaranteed against private encroachment, as opposed to invasion by government authority, are the Thirteenth Amendment right to be free from involuntary servitude and the right to engage in interstate travel." *Seaton*, 2001 WL 1526282, *4 (dismissing claim because alleged violence "cannot reasonably be characterized as a conspiracy to deprive Seaton of the right to interstate travel nor to subject him to involuntary servitude"). *See also Murphy v. Mount Carmel High School*, 543 F.2d 1189, 1192 (7th Cir. 1976) (a section 1985(3) claim for injury "arising out of a purely private conspiracy to interfere with freedom of expression, without state involvement, is not constitutionally supportable"; "The guaranties of the First Amendment run only against the federal [and state] government, not private interference").

Here, Plaintiff has not alleged any state involvement in his alleged First Amendment injuries. Thus, his claim under section 1985(3) must be dismissed. *See Scott*, 463 U.S. at 832

("a conspiracy to violate First Amendment rights is not made out without proof of state involvement").

**CONCLUSION**

For the foregoing reasons, Rittenhouse respectfully requests that this Court issue an order dismissing this action with prejudice and granting such other and further relief as the Court deems just, equitable, and proper.

Dated: Philadelphia, PA
April 12, 2010

Respectfully submitted,

WADE CLARK MULCAHY

**/s/**

__________________________________

Robert J. Cosgrove, Esq.
1515 Market Street, Suite 2050
Philadelphia, PA 19102
*Attorneys* for Defendant Rittenhouse
(267) 207-2750 (Phone)
Our File No.: 192.6497.1RC